# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**EXIDE TECHNOLOGIES,**

    **Plaintiff,**　　　　　　　**CIVIL ACTION NO. 07-CV-11269-DT**

  **VS.**　　　　　　　　　　　**DISTRICT JUDGE GEORGE CARAM STEEH**

**KMART CORPORATION,**　　**MAGISTRATE JUDGE MONA K. MAJZOUB**

    **Defendant.**

                                        /

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION

This matter comes before the Court on Plaintiff's Motion for Clarification filed on June 25, 2008. (Docket no. 40). Plaintiff seeks "clarification" of this Court's June 19, 2008 Order. (Docket no. 36). Plaintiff asked for expedited consideration of its motion. The Court ordered an expedited response from Defendant which has now been filed. (Docket no. 42). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This motion is now ready for ruling.

This Court's Order of June 19, 2008 granted in part and denied in part Defendant's Motion to Compel Discovery (docket no. 30). Plaintiff failed to file a response to that motion. Plaintiff appealed this Court's June 19 Order, and the district judge denied the appeal. (Docket no. 37). The district judge denied without prejudice Plaintiff's alternative "motion for clarification" so that such a motion could be filed separately and considered by the undersigned. (*Id*.). Plaintiff then filed the motion now under consideration.

Plaintiff seeks in its "motion for clarification" that this Court enter an order: (1) deeming Plaintiff fully responsive to the June 19, 2008 Order regarding responses to Defendant's May 21, 2008 correspondence; (2) ruling that paragraphs 7, 8, 9, and 10 of Defendant's May 21, 2008

correspondence are not discoverable; (3) precluding Defendant from seeking the remedy of barring Plaintiff's claims; (4) deeming Plaintiff fully responsive to the June 19, 2008 Order regarding production of Glinda Elder for a deposition; (5) deeming Plaintiff fully responsive to the June 19, 2008 Order regarding production of Jim Morath as a Rule 30(b)(6) witness; and, (6) barring Defendant from claiming a Rule 30(b)(6) deficiency on Plaintiff's part with respect to issues contained in footnote 1 (excusing Plaintiff from producing a Rule 30(b)(6) witness for the line-item detail requested by Defendant). (Docket no. 40).

The Court finds that Plaintiff's "motion for clarification" is properly construed as a motion for reconsideration pursuant to E.D. Mich. LR 7.1(g). *See B. A. Constr. & Mgmt., Inc. v. Knight Enters., Inc.,* 2006 WL 3371138 (E.D. Mich. Nov. 20, 2006) (construing "motion to clarify" as motion for reconsideration requiring application of LR 7.1(g)). Rule 7.1(g) requires a showing of "a palpable defect by which the court and the parties have been misled" and that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3).

The Court finds that its June 19, 2008 Order is clear. Plaintiff has also failed to demonstrate that the Court's Order contains a palpable defect the correction of which would result in a different disposition of the case. The contentions and arguments made in the "motion for clarification" should have been made in the response to the original motion which Plaintiff failed to file. No good excuse is given for this default. Furthermore, if Plaintiff has complied fully with this Court's Order, as it claims, there is no need for this Court to make further rulings on the issues, and if as Plaintiff argues some requested documents do not exist, it should follow the Rules of Civil Procedure and properly answer the discovery on that basis.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Clarification (docket no. 40) is **DENIED.**

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: July 9, 2008  s/Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

I certify that a copy of the foregoing document was served upon counsel of record via electronic and/or ordinary mail.

s/D. Opalewski for Lisa Bartlett
Case Manager