UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EXIDE TECHNOLOGIES,

        Plaintiff,

vs.

        Case No. 07-CV-11269
        HON. GEORGE CARAM STEEH

KMART CORPORATION,

        Defendant.

_____/

<u>ORDER DENYING EXIDE'S MOTION FOR RECONSIDERATION (# 65)</u>

Plaintiff Exide Technologies moves for reconsideration of this court's May 20, 2009 Order denying Exide's motion for summary judgment, and granting in part defendant KMart's motion for summary judgment, on ruling that Exide's breach of contract claims are limited to KMart invoice reductions received by Exide on or after December 1, 2004 as identified in writing by Exide in a proffered March 1, 2005 Spreadsheet.  Exide argues that evidence in the record supports a finding that Kmart received an earlier version of the Spreadsheet in a July 26, 2004 e-mail transmitted by Exide employee Jim Morath to Kmart employee Jeff Shaw, and therefore, under the court's "90-day-back" interpretation of the parties' written Agreement, Exide may recover for invoice deductions received by Exide on or after April 27, 2004.

Generally, and without restricting the court's discretion, the court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a

palpable defect by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case.  E.D. Mich. LR 7.1(g)(3).

Exide's argument that the Spreadsheet was first delivered to Kmart in a July 26, 2004 e-mail, and therefore the 90-day-back period for alleging a breach of contract extends back to April 27, 2004, was not raised in opposition to Kmart's motion for summary judgment.  This new argument does not support granting reconsideration.  See Woodrum v. Thomas Memorial Hospital Foundation, Inc., 186 F.R.D. 350, 351 (S.D. W.Va. 1999) (quoting 11 Charles A. Wright, et. al., Federal Practice and Procedure § 2810.1 (2d ed 1995) for the "well settled tenant" that Rule 59(e) seeking to alter or amend judgment "may not be used to . . . raise arguments . . . that could have been raised prior to the entry of judgment"); Nagel Industries, Inc. v. Ford Motor Co., 175 F.R.D. 251, 253 (E.D. Mich. 1997) (recognizing that "[a]lthough the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such motions, if served within 10 days of the entry of judgment, are considered motions to alter or amend judgments pursuant to Fed. R. Civ. P. 59(e)") (internal quotations omitted).

Exide's assertion that the court found proper written notice was first sent to Kmart in March 1, 2005 "when Exide employee Glinda Elder sent a letter to Kmart transmitting a spreadsheet detailing improper deductions taken by Kmart" (Exide's Motion, at 2) ignores the additional March 1, 2005 "Chargeback Debit Invoice" demanding full payment for $747,249.38.  The new argument advanced by Exide does not assert that Kmart was also provided with a "Chargeback Debit Invoice" in the July 26, 2004 e-mail.  See May 20, 2009 Order at 3.  Even assuming that the July 26, 2004 e-mail and Spreadsheet equated to the

March 1, 2005 notice provided to Kmart by Elder, Exide would not be entitled to sue for breach of contract based on Kmart invoices that issued after July 26, 2004 and before December 1, 2004, or before April 27, 2004. The court finds such a bifurcated result was not intended under the parties' Agreement, and is inconsistent with the parties performance of the Agreement.

Exide has failed to demonstrate a palpable error warranting a different disposition of the court's May 20, 2009 Order. Accordingly, Exide's motion for reconsideration is hereby DENIED.

SO ORDERED.

Dated: June 8, 2009

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 8, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk